**ACME PRODUCTS COMPANY, Inc.,**
Appellant,

v.

**L. A. WENZEL, Appellee.**

No. 15536.

Court of Civil Appeals of Texas.

Houston (1st Dist.).

Nov. 20, 1969.

Rehearing Denied Dec. 11, 1969.

Vinson, Elkins, Searls & Connally, B. Jeff Crane, Jr., Raybourne Thompson, Jr., Houston for appellant.

Max Garrett, Houston, for appellee.

COLEMAN, Justice.

L. A. Wenzel and Jacqueline Wenzel, his wife, brought suit for the damages sustained by L. A. Wenzel and Danny Lee Wenzel, deceased, by reason of burns suffered in a fire caused by the negligence of the appellant. Based on jury findings the trial court rendered judgment in favor of appellees as heirs at law of Danny Lee Wenzel.

This appeal is based on the proposition that there is no evidence that the act of negligence found by the jury was a proximate cause of the fire which caused the injuries to Danny Lee Wenzel because this negligence was in fact only a remote cause of the occurrence, which was not foreseeable as that term is used in law.

The evidence supporting the findings of the jury must be accepted and the evidence to the contrary must be discarded since the verdict is attacked as being supported by no evidence. Biggers v. Continental Bus System, 157 Tex. 351, 303 S.W.2d 359 (1957).

Mr. Wenzel purchased a trailer hitch manufactured by appellant at a retail store. This product was sold for use on a number of different makes and models of automobiles. Instructions for assembling the hitch and for mounting it on the various cars were prepared by the manufacturer and were furnished to the purchaser. Eighteen drawings showing various mounting arrangements were shown on the instruction sheet. Appellees owned a 1962 model Dodge Dart. The application chart specified that the trailer hitch should be mounted on a 1962 model Dodge Dart in the manner shown in illustration No. 14. Mr. Wenzel examined this drawing and found that the parts illustrated did not correspond to those which he had received. He again looked at the application chart and found that the proper drawing for use with Dodges, model years '53–'62, was either drawing No. 1 or No. 5. These drawings appeared to illustrate the parts purchased. Drawing No. 1 shows the hitch attached to the center of the rear frame cross-member of the car by a nut and bolt. Mr. Wenzel assembled the hitch and took it out to his garage. His son was watching him. The car was backed into the garage. Both a gas clothes dryer and a gas water heater were in the garage.

Mr. Wenzel held the partially assembled trailer hitch against the rear bumper at its center point and found that it extended back under the car to a point near a bolt which appeared to be a body bolt coming down from the car and attaching the body to the rear frame cross-member. This bolt corresponded to the bolt shown on drawings 1 and 5 as being the place where the hitch was to be attached to the cross-member.

Mr. Wenzel's car was undercoated. Mud and dust had accumulated beneath the body. He was not familiar with the manner by which the gasoline tank was secured to the frame of his car. It was mounted on

the car by one metal strap under the center of the tank. This strap was concealed by the undercoating and mud. The strap was made secure by one nut and bolt, the one to which Mr. Wenzel was directed by the instruction sheet to attach the hitch. When he attempted to loosen the nut, the bolt broke and the gasoline tank fell to the floor. It had been full of gasoline. The neck or hose leading into the tank pulled loose when the tank fell, and gasoline poured over the garage floor. It ignited immediately severely burning Mr. Wenzel and causing injuries to Danny Lee which subsequently resulted in his death.

The jury found that Acme failed to furnish trailer hitch parts shown in the installation instructions; that by failing to furnish such parts, the instructions furnished misled Mr. Wenzel into an application of the hitch similar to drawing No. 1; that such misleading of Mr. Wenzel by Acme was negligence; and that such negligence was a proximate cause of the flash fire explosion. The jury also found that the failure of Mr. Wenzel to determine how the gas tank on his automobile was attached before removing the bolt was negligence and a proximate cause of the occurrence made the basis of this suit, but that it was not the sole proximate cause of the occurrence. It found that the occurrence was not the result of an unavoidable accident. The only answer challenged is that directed to the proximate cause issue inquiring as to the conduct of appellant.

The trial court denied Mr. Wenzel compensation for the damage he suffered because of the contributory negligence finding, but entered judgment for appellees in the amount found by the jury as compensation for the physical pain and mental anguish suffered by Danny Lee prior to his death, and for the funeral expenses, since these items accrued to Danny Lee's estate.

Foreseeability and causation are the two necessary elements of proximate cause. If there was no evidence from which the jury could have concluded that appellant, considered as a person with ordinary intelligence and prudence, should have anticipated the danger to others created by its action in furnishing with the trailer hitch sold by it instructions for mounting which appeared to direct the purchaser to remove the nut anchoring the gasoline tank to the automobile, appellant's points must be sustained.

In Biggers v. Continental Bus System, supra, the court held that proximate cause was shown where Continental's bus driver, "as a person of ordinary intelligence, should reasonably have anticipated the danger to others created by his excessive speed if any one of the approaching automobiles should enter his traffic lane" for any non-negligent reason, despite the fact that the automobile entering the bus driver's traffic lane was propelled there by reason of the negligent actions of the driver of another automobile.

The jury found that appellant was negligent in furnishing instructions which misled Mr. Wenzel into an application "similar to drawing No. 1 on Plaintiff's Exhibit No. 7". Mr. Wenzel testified that illustrations No. 1 and No. 5 indicated that the trailer hitch should be attached to the bolt holding up the gasoline tank. Essentially the same testimony was given by Mr. Jackson. Mr. Gibson, testifying with reference to that nut and bolt, stated that a bolt of that type, not a fixed bolt but one that hooks into the member above, will "rust up 90% of the time." When an attempt is made to turn the nut, it "ordinarily snaps out above", and when it does the gasoline tank will drop.

There was testimony that those in charge of preparing the instruction sheet for appellant examined, and made measurements on a 1962 Dodge Dart, and that they knew that the gasoline tank was held up only by one strap which was secured by the one nut and bolt.

The evidence will support an inference that appellant knew, or should

have known, that some of its customers would attempt to fasten the trailer hitch to the bolt securing the gasoline tank to the automobile, and that when the bolt was loosened the gasoline tank would fall, spilling gasoline in the area. The danger of an explosion and fire under such circumstances is foreseeable. The fact that the spilling of the gasoline might not occur if the customer makes a sufficient investigation to determine how the tank is attached to the car, and then takes proper precautions to prevent the fall of the tank and subsequent spilling of the gasoline, will not insulate appellant from liability for the foreseeable consequences of its own negligence. The child was not negligent. Appellant could foresee that members of its customer's family might be nearby when an attempt was made to attach the trailer hitch to the automobile. There was a question of fact as to whether Mr. Wenzel was negligent, under the circumstances, in attempting to attach the trailer hitch without knowing how the gasoline tank was attached to the car. While the jury found him negligent, it might well have failed to find negligence. Under these circumstances the negligence of the customer cannot be said to render the injury to a third party unforeseeable. Biggers v. Continental Bus System, supra; South Austin Drive-in Theatre v. Thomison, 421 S.W.2d 933 (Tex.Civ.App.—Austin 1967, ref., n. r. e.).

In the Restatement of the Law of Torts (2d), Vol. 2, p. 464, § 439, the following rule is stated:

"If the effects of the actor's negligent conduct actively and continuously operate to bring about harm to another, the fact that the active and substantially simultaneous operation of the effects of a third person's innocent, tortious, or criminal act is also a substantial factor in bringing about the harm does not protect the actor from liability."

This rule has been approved by a number of Texas cases and has been applied to various situations comparable to that before us. McAfee v. Travis Gas Corp., 137 Tex. 314, 153 S.W.2d 442 (1941); Robert R. Walker, Inc. v. Burgdorf, 150 Tex. 603, 244 S.W.2d 506 (1952); Chancey v. Van Luit, 306 S.W.2d 377 (Tex.Civ.App., Amar. 1957, ref., n. r. e.); J. Weingarten, Inc. v. Benavides, 323 S.W.2d 166 (Tex.Civ. App., Texark.1959).

By cross-point appellee contends that the trial court erred in failing to include in its judgment the amount of money found by the jury to have been incurred by the appellees for the reasonable and necessary hospital expenses for their son, Danny Lee Wenzel. Appellee relies on Littleton v. Jordan, 428 S.W.2d 472 (Tex.Civ.App., Texark.1968, writ ref.). In this case the administrator of the estate of a minor recovered a judgment, including compensation for medical, surgical, and hospital expenses, from the employer of the father of the injured child. Liability in the case was based on the doctrine of respondeat superior, the damage to the child having been caused by the father's negligence. The father was not a party to the suit.

■ It has long been the rule in Texas that the parents of an unemancipated minor child are primarily responsible for the cost of medical attention furnished him. In the absence of facts which would render the minor personally liable for such expenses, he has no cause of action to recover them from a third party tort feasor. Bering Manufacturing Co. v. Femelat, 35 Tex.Civ. App. 36, 79 S.W. 869 (1904, writ dism.); Mercer v. Evans, 173 S.W.2d 206 (Tex.Civ. App.—Ft. Worth 1943, writ ref.).

■ It does not appear from the opinion in Littleton v. Jordan, supra, that error was assigned specifically to the inclusion in the judgment of compensation for funds expended in payment for medical attention. The cases directly deciding the question presented here were not distinguished, or overruled unless by implication, and in fact

the question was not considered in the opinion. The trial court did not err in this respect.

Judgment affirmed.