**Robert L. JOHNSON et al.**

v.

**JONES–BLAIR PAINT COMPANY.**

**No. 5505.**

Court of Civil Appeals of Texas, Eastland.

Oct. 23, 1980.

Rehearing Denied Nov. 13, 1980.

John Judge, Judge & Brown, Amarillo, for appellants.

Jess C. Dickie, Culton, Morgan, Britain & White, Gary Barnard, Stokes, Carnahan & Fields, C. A. Stein, Underwood, Wilson, Sutton, Berry, Stein & Johnson, Amarillo, for appellee.

McCLOUD, Chief Justice.

The issue in this strict liability case is whether the manufacturer and seller of paint has a duty to warn the user that dried paint should not be removed by the use of gasoline near an open flame. We hold there is no such duty.

An apartment was painted with Jones–Blair "Wash'n Wear Latex Semi–Gloss Enamel" paint. Some paint spilled on the apartment floor and dried. A number of days later, Sherry Northern and Sharon Gayle Johnson attempted to remove the dried paint spots by pouring gasoline on the floor. The gasoline fumes came in contact with the open flame of a pilot light and exploded. Sherry Northern, Sharon Gayle Johnson, and her daughter, Shauna Dawn Johnson, were burned in the flash fire. Sherry Northern died as a result of her injuries.

The trial court granted the motion for summary judgment filed by Jones–Blair Paint Company. We affirm.

Plaintiffs, Robert L. Johnson, Individually, and as Next Friend of Shauna Dawn Johnson, a Minor, Sharon Gayle Johnson, Herman Howerton, Individually and as Administrator of the Estate of Sherry Northern, Deceased, Mary Jo Howerton, and Bobby Lynn Northern, appeal[1] urging that genuine material questions of fact exist.

Plaintiffs contend that this is a failure to warn case brought pursuant to Restatement of the Law, Second, Torts § 402A. They argue that the defendant had a duty to warn users of the paint of reasonably foreseeable dangers likely to occur while a user is cleaning up spilled paint.

Section 402A provides in part:

(1) One who sells any product in a defective condition unreasonably dangerous to the user or consumer or to his property is subject to liability for physical harm thereby caused to the ultimate user or consumer. . . .

 Section 402A expressly provides that the "product" must be in a "defective" condition "unreasonably dangerous" to the user. A lack of warning may constitute the necessary defect. *Technical Chemical Company v. Jacobs*, 480 S.W.2d 602 (Tex.1972). Nevertheless, it is essential that the lack of warning render the product unreasonably dangerous. In the instant case, the product (paint) is not unreasonably dangerous in the absence of the warning urged by plaintiffs. The dried paint spots did not explode. The explosion resulted from the use of a product (gasoline) supplied by a seller other than Jones–Blair. Comment (i) under Section 402A states clearly that strict liability applies only where the defective condition of the product makes it unreasonably dangerous to the user or consumer. The comment states, "(T)he article sold must be dangerous to an extent beyond that which would be contemplated by the ordinary consumer who purchases it, with the ordinary knowledge common to the community as to its characteristics." The inert paint spots fail to meet the comment's definition of "unreasonably dangerous."

The cases cited by plaintiffs are distinguishable. In *Technical Chemical Company v. Jacobs*, supra, the inadequate warning resulted in the "product" exploding "like a stick of dynamite." In *Crocker v. Winthrop Laboratories, Division of Sterling Drug, Inc.*, 514 S.W.2d 429 (Tex.1974) the lack of warning resulted in the user's addiction to the manufacturer's drug. The user in *Bristol–Myers Company v. Gonzales*, 561 S.W.2d 801 (Tex.1978) became deaf after using the manufacturer's drug. It is obvious in each of the cited cases that the product itself was unreasonably dangerous. *Acme Products Company v. Wenzel*, 448 S.W.2d 139 (Tex.Civ.App.–Houston [1st Dist.] 1969, no writ) cited by plaintiffs is a negligence, not strict liability, case where the manufacturer had negligently given misleading instructions.

The paint was not in a defective condition unreasonably dangerous to the user and, therefore, there was no duty upon the seller to give the warning urged by plaintiffs. To hold otherwise would place a duty upon the manufacturers of many marking products, such as crayons and fountain pens, to warn consumers not to use gasoline near an open flame in removing any unwanted marks. We decline to extend the duty of a seller or manufacturer to this extent.

We have considered all points of error, and all are overruled. The judgment of the trial court is affirmed.

---

1. Plaintiffs originally sued several parties. The trial court severed from the original suit the claims by plaintiffs against Jones–Blair Paint Company and the cross–claims filed by Don Mason Builders, Inc. and James Gage seeking contribution or indemnity from Jones–Blair. The court ruled that Mason and Gage take nothing on the cross–claims. Mason and Gage filed appeal bonds, but neither filed an appellant's brief.