Kendall BOWERS *v.* STATE of Arkansas

CR 86-216                                    729 S.W.2d 170

Supreme Court of Arkansas
Opinion delivered May 18, 1987

*Ross & Ross, P.A.*, by: *Joe Ross*, for appellant.

*Steve Clark*, Att'y Gen., by: *Theodore Holder*, Asst. Att'y Gen., for appellee.

TOM GLAZE, Justice. On July 11, 1984, appellant pled guilty to three counts of aggravated robbery and was sentenced to imprisonment for forty years. Two years later, he filed his petition for Rule 37 relief, claiming that his attorney misinformed him regarding the amount of time he would actually serve. He argued below, and now on appeal, that he would not have pled guilty if he had been properly informed concerning his parole eligibility. The trial court denied appellant's petition without a hearing, and we affirm.

As noted by the State, appellant's abstract of record consists only of a list of the pleadings with little or none of their contents described; and while he recites part of his rule 37 petition, the court's order denying it is not set out. When, as here, an appellant's abstract is deficient, our practice is to rely on the record if it shows that the trial court's decision should be affirmed on a particular point, but not to explore the record for prejudicial error if none is shown by the abstract. *Smith* v. *State*, 278 Ark. 462, 648 S.W.2d 792, *cert. denied*, 464 U.S. 890 (1983).

In reviewing the record, we are apprised that the

appellant entered his guilty plea, knowing he would receive a forty-year sentence. It was after he entered his plea that he claims his counsel misinformed him that he could expect to be paroled after four or five years. Clearly, under those circumstances, appellant had not relied upon counsel's advice concerning parole eligibility when entering his plea of guilty. However, even if he had been given such information before entering his plea, we have held that erroneous advice concerning parole eligibility does not automatically render a guilty plea involuntary. *Garmon* v. *State*, 290 Ark. 371, 719 S.W.2d 699 (1986).

Because appellant fails to demonstrate any prejudicial error, we affirm.

HOLT, C.J., not participating.

HICKMAN and PURTLE, JJ., concur and would affirm under Rule 9 of Rules of the Arkansas Supreme Court and Court of Appeals.