John A. BURNETT *v.* STATE of Arkansas

CR 92-68 832 S.W.2d 848

Supreme Court of Arkansas
Opinion delivered July 6, 1992
[Rehearing denied September 21, 1992.]

*Q. Byrum Hurst, Jr.,* for appellant.

*Winston Bryant,* Att'y Gen., by: *Catherine Templeton,* Asst. Att'y Gen., for appellee.

PER CURIAM. The appellant, John A. Burnett, was convicted of first degree murder in the death of his wife and sentenced to life imprisonment. We affirmed. *Burnett* v. *State,*

299 Ark. 553, 776 S.W.2d 327 (1989). The appellant subsequently filed in this court a petition for post-conviction relief pursuant to Criminal Procedure Rule 37. We granted the petition in part to permit appellant to apply for an evidentiary hearing in the trial court on the question of whether appellant's trial attorney rendered effective assistance of counsel. Specifically, we directed that the circuit court determine whether the petitioner's attorney was ineffective for failing to object to the prosecutor's questioning of appellant about appellant's decision to remain silent after he was arrested; and, if so, whether that failure to object constituted ineffective assistance of counsel to such an extreme degree that appellant was denied counsel under the sixth amendment to the United States Constitution. We noted that the criteria for assessing the effectiveness of counsel had been enunciated in *Strickland* v. *Washington*, 466 U.S. 668 (1984). *Strickland* provides that when a convicted defendant complains of ineffective assistance of counsel he must show that counsel's representation fell below an objective standard of reasonableness and that but for counsel's errors the result of the trial would have been different. Judicial scrutiny of counsel's performance must be highly deferential, and a fair assessment of counsel's performance under *Strickland* requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. A court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. A court hearing a claim of ineffective assistance of counsel must consider the totality of the evidence before the jury. After a hearing, the trial court denied post-conviction relief. It is from that ruling that appellant brings this appeal. We find no error and affirm.

Appellant was cross-examined by the state at trial in the following manner:

> Q. Now, Mr. Burnett, have you've told this story of what happened that night. You didn't tell the police that, did you?
>
> A. I didn't tell the police anything, sir.
>
> Q. In fact, you just refused to talk to them, didn't you?

A. Yes, sir.

Q. When they read your rights, you refused to talk to them and wanted a lawyer, didn't you?

A. Yes, sir.

Q. If you're innocent, cared for your wife, wanted to see whoever did this to her caught, why did you tell the police this story?

A. I didn't feel I had to at the time, sir.

Q. You didn't feel you had to at the time, okay.

A. No, sir.

The appellant argued in his petition that his attorney erred in not objecting to the prosecutor's questions because the questions focused to an impermissible degree on appellant's constitutional right to remain silent after arrest.

 It is fundamentally unfair and a deprivation of due process of law for an arrested person's silence to be used to impeach an explanation subsequently offered by him at trial. *Doyle* v. *Ohio*, 426 U.S. 610 (1976). Although such questioning may be harmless error in some instances where there is no prosecutorial focus or repetitive questioning or arguing centered on a defendant's silence and where the evidence of guilt is overwhelming, we granted a hearing in appellant's case because the error was not harmless in light of the clear focus on the fact that appellant remained silent after his arrest. *See Hobbs* v. *State*, 277 Ark. 271, 641 S.W.2d 9 (1982); *Numan* v. *State*, 291 Ark. 22, 722 S.W.2d 276 (1986).

At the hearings that were held on the petition for post-conviction relief in the circuit court, the appellant presented a criminal lawyer who testified that in his opinion the state's questioning at trial was objectionable and that had the defense attorney objected, a different verdict could have resulted or the case would have been reversed on appeal. The appellants' attorney told the trial judge that another attorney, Jack Lassiter, had reviewed the transcript and was prepared to testify that the questions were objectionable and counsel was ineffective under *Strickland* v. *Washington*, for failing to object, but that Lassiter

was not able to appear at any of the hearings. When the appellant's original attorney was asked why he failed to object when the appellant was cross-examined by the prosecutor about his post-arrest silence, the attorney answered:

> We discussed that and several other matters about whether he would testify or not during the sheriff's investigation. There were several statements made by several witnesses and then another person was arrested based upon those statements. After that, several witnesses gave conflicting statements with the previous statements and Mr. Burnett was then arrested. Based upon those statements in which they indicated that Mr. Burnett would not talk to the police, we felt like would be best if he did not talk to the police at all or the sheriff's office, we felt like it would be best for him to explain that to the jury because he was going to take the stand and he wanted to tell the jury exactly what happened and I thought he did and I thought he did a good job.

> Q. So your telling the court that these questions that were asked about the defendant's failure to respond to questioning by the police, it was determined with you and the defendant that it as a matter of trial strategy, that he needed to explain his silence?

> A. To the best of my recollection, yes, because Mr. Burnett had been arrested before and I can't remember how long ago and he knew about the right to remain silent, and the right to have an attorney present. So, we discussed that and that's the strategy that we chose to choose.

The attorney also stated that he did not want Burnett to seem to be hiding something. Burnett then testified that he and his lawyer had never discussed explaining to the jury his assertion of his right to remain silent.

The trial court held on the basis of the evidence presented to it that the questions concerning appellant's silence at the time of his arrest, which were asked without objection by the defense, were allowed as a matter of trial strategy; that the attorney for appellant at trial was aware of the objectionable nature of the questions and had discussed those questions with

appellant; that counsel had thoroughly prepared appellant for his testimony; and that their strategy was that appellant should tell the whole truth, making sure that the jury knew he was holding nothing back, and as a result the decision was made not to object to the questions. The court further held that because the decision was a matter of trial strategy, the failure to object did not demonstrate incompetence of counsel but rather demonstrated to the trial judge, who observed the entire trial and the manner in which the defense attorney conducted himself and the defense, that the decision was one which an attorney could employ as trial strategy. The court further found that even if objections to the questions had been made and sustained, the outcome of the trial would not have been affected.

While the explanation given by the defense counsel as to the reason he did not object may be one about which seasoned advocates could disagree, the trial court determined that counsel made what could be considered a strategic decision, and we cannot say that the finding was clearly against the preponderance of the evidence. *See Pettit v. State*, 296 Ark. 423, 758 S.W.2d 1 (1988). Matters of trial strategy and tactics, even if arguably improvident, are not grounds for a finding of ineffective assistance of counsel, *Hill v. State*, 292 Ark. 144, 728 S.W.2d 510, *cert. den.* 479 U.S. 1101 (1987); *Neal v. State*, 270 Ark. 442, 605 S.W.2d 421 (1980); *Leasure v. State*, 254 Ark. 961, 497 S.W.2d 1 (1973).

The appellant also argues that his motion for reconsideration in which he stated that he had been unable to arrange a time to allow the testimony of Jack Lassiter and his motion for reconsideration in which he asked the trial court to consider the closing arguments of the original trial which had not been included in the earlier transcript should have been granted. We find no error in failing to grant the motion for reconsideration as to the closing arguments since the trial court was limited to the issue of whether his attorney's failure to object to the questions asked during cross-examination constituted ineffective assistance of counsel. Nor was there error in not granting the motion to reconsider with regard to the testimony of Jack Lassiter since the appellant was given more than one opportunity to present the testimony.

208

Affirmed.

DUDLEY, J., dissents.