Dennis POGUE *v.* STATE of Arkansas

CR 93-1097                                                   872 S.W.2d 387

Supreme Court of Arkansas
Opinion delivered March 21, 1994

*Garnet E. Norwood* and *Ronald Marc Chaufty*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Brad Newman*, Asst. Att'y Gen., for appellee.

ROBERT L. BROWN, Justice. This case concerns post-conviction relief sought by the appellant Dennis Pogue following his conviction for delivery of a controlled substance. Specifically, Pogue was found guilty on November 7, 1990 of delivering crystal methamphetamine, and sentenced to ten years imprisonment. He appealed his judgment of conviction to the Arkansas Court of Appeals, and it was affirmed on March 4, 1992. On May 1, 1992, Pogue filed his motion for post-conviction relief and premised his grounds on allegations of ineffective assistance of counsel. The circuit court denied the motion on March 11, 1993. We affirm.

The State initially questions the timeliness of the appeal from the denial of the motion. We conclude that it was timely filed. When Pogue was convicted in November of 1990, an earlier version of Ark. R. Crim. P. 36.4 was in effect which provided for an appeal consolidated with any claim of ineffectiveness of counsel to be filed within 30 days of judgment. Effective January 1, 1991, we amended Rule 36.4 and reinstated a revised form of Ark. R. Crim. P. 37 dealing with post-conviction relief. *In the Matter of the Reinstatement of Rule 37 of the Arkansas Rules of Criminal Procedure*, 303 Ark. 746, 797 S.W.2d 458 (1990). Under the revised Rule 37, a petition claiming relief is required to be filed within 60 days of the date the mandate was issued by the appellate court. Ark. R. Crim. P. 37.2(c).

This case was affirmed on March 4, 1992, and the mandate, though the record does not reflect it, was issued on that date or thereafter. Pogue then filed his motion for post-conviction relief on May 1, 1992, which clearly was within 60 days of the mandate. The circuit court treated the motion as one filed under the reinstated Rule 37. The court was correct in doing this.

We have noted on two occasions that a Rule 37 petition, filed after January 1, 1991, is timely brought if it is within 60 days of the date the mandate was issued by the appellate court. Ark. R. Crim. P. 37.2(c); *see also Matthews* v. *State*, 305 Ark. 207, 807 S.W.2d 29 (1991) *fn. 1; Brown* v. *State*, 305 Ark. 53, 805 S.W.2d 73 (1991) *fn. 1*. This is so even if the conviction occurred during the time period when former Rule 36.4 was in effect. The Rule 37 action was appropriately brought in this case.

We turn next to the merits of the motion. Pogue was convicted largely on the basis of the testimony of a confidential informant, Randy Culp, who testified that he purchased crystal methamphetamine from Pogue on August 15, 1989. Culp was wired with a body microphone and the conversation involving the alleged drug purchase was tape-recorded and apparently presented as evidence at trial. Though the petition for post-conviction relief and the proceedings at the hearing were abstracted by Pogue in his brief filed as part of this appeal, none of the trial which resulted in his conviction and where he claimed counsel was ineffective was abstracted as required by Ark. Sup. Ct. R. 4-2(a)(6).

Pogue makes the following allegations of ineffectiveness against his court-appointed counsel in his petition:

(a) Trial counsel was ineffective in that she was too heavily burdened by her case load of criminal Defendants prior to and during trial which effected (sic) her to the degree that she was not functioning as the "counsel" guaranteed by the Sixth Amendment as demonstrated by:

(1) Counsel failed at the trial to challenge the sufficiency of the evidence on the basis that Petitioner proved entrapment by a preponderance of the evidence. Counsel only generally challenged the evidence.

(2) Counsel failed to make a proper motion and/or objection to the admissibility of the tape and its transcription since no expert in transcribing such an inaudible tape testified, Petitioner should have had the assistance of an expert witness regarding transcription of the tape. Had the Court heard expert

testimony the tape and its transcription would not have been allowed in evidence.

(3) Counsel failed to serve as effective counsel by allowing Petitioner to testify.

(4) Counsel failed to serve as effective counsel when she did not insist that the Court rule on her Motion for Directed Verdict of Acquittal at the close of the State's case, renewed at the close of all of the evidence.

(b) Counsel did not determine and investigate certain defense witnesses in order to develop the defense of entrapment to the charge . . . .

■■ The circuit court ruled against Pogue on his motion, and we cannot say based on what is before us that it erred in so doing. None of the trial proceedings is abstracted for this court as already mentioned and as required by Ark. Sup. Ct. R. 4-2(a)(6). The trial testimony is contained in the record, but we have said many times that there is only one record and seven justices which makes examination of the record by each justice virtually impossible. *Watson* v. *State*, 313 Ark. 304, 854 S.W.2d 332 (1993); *Kitchen* v. *State*, 271 Ark. 1, 607 S.W.2d 305 (1980). It is, therefore, beyond the ken of the full court to know what transpired at trial in the absence of an adequate abstract. We will not explore the record for prejudicial error. *Watson* v. *State, supra.; Bowers* v. *State*, 292 Ark. 249, 729 S.W.2d 170 (1987).

Hence, we affirm the circuit court's decision regarding much of what Pogue raises in his motion because we have inadequate information before us to do otherwise. Specifically, the abstract does not inform us as to the extent that the defense of entrapment was mounted by trial counsel, the motions or objections made or not made at trial, whether certain rulings were obtained from the trial court, or whether additional evidence or testimony was warranted.

■■ For those claims of ineffective counsel that we are able to reach, they must be examined in light of the standard set in *Strickland* v. *Washington*, 466 U.S. 668 (1984). That standard provides a two-prong test that must be met: (1) that the deficient

performance of counsel must have resulted in errors so serious that counsel was not functioning as "counsel" guaranteed by the Sixth Amendment, and (2) prejudice resulted which deprived the petitioner of a fair trial. *Id.* There is a strong presumption that trial counsel's conduct falls within the wide range of reasonable professional assistance, and the petitioner alleging differently has the burden of overcoming that presumption. *Wainright* v. *State*, 307 Ark. 569, 823 S.W.2d 449 (1992). In assessing trial counsel's performance, we make every effort to eliminate the distorting effects of hindsight. *Burnett* v. *State*, 310 Ark. 202, 832 S.W.2d 848 (1992).

We observe that at the post-conviction hearing the issue of whether trial counsel was ineffective in allowing Pogue to testify was disputed. Pogue testified that this opened him up to questioning about his prior criminal record. Trial counsel retorted that she fully advised him of the ramifications of his testimony. This dispute over Pogue's taking the stand appears to be more a debate over trial strategy than evidence of ineffectiveness of counsel. Such matters do not form the basis of post-conviction relief. *McDaniel* v. *State*, 282 Ark. 170, 666 S.W.2d 400 (1984). Nor does the bald assertion that trial counsel as public defender had a heavy caseload and was overworked. Assuming the allegation of too much work was true, no correlation between caseload and prejudice to the defendant was shown. Again, prejudice must be exhibited for an ineffectiveness claim to be·successful. *Burnett* v. *State*, 293 Ark. 300, 737 S.W.2d 631 (1987).

We find no fault with the circuit court's ruling.

Affirmed.

CORBIN, J., not participating.