Dustin VICKERS *v.* STATE of ARKANSAS

CR 94-1131                                                898 S.W.2d 26

Supreme Court of Arkansas
Opinion delivered May 8, 1995

*J. Blake Hendrix*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Brad Newman*, Asst. Att'y Gen., for appellee.

DONALD L. CORBIN, Justice. Appellant, Dustin Vickers, was convicted by a Pulaski County jury of first degree murder and sentenced to life imprisonment. This court affirmed the judgment of his conviction. *Vickers v. State*, 313 Ark. 64, 852 S.W.2d 787 (1993). Subsequent to the appeal, appellant filed a petition for post-conviction relief pursuant to A.R.Cr.P. Rule 37. The only claims presented in the petition which are relevant to this appeal are three collateral attacks on the sentence relating to a claim of ineffective assistance of counsel. *See* A.R.Cr.P. Rule 37.1(d). After conducting two hearings, the Pulaski County Circuit Court entered an order denying appellant's petition for post-conviction relief. Jurisdiction of this appeal from the denial of post-conviction relief is properly in this court pursuant to Ark. Sup. Ct. R. 1-2(a)(5).

We consider appellant's first and second points for reversal together, as they are so closely related. First, appellant contends his counsel was ineffective for failing to renew a motion to hold Dale Larque an accomplice as a matter of law. At the close of the state's case at trial, appellant's counsel moved to have Larque declared an accomplice as a matter of law. The trial court reserved its ruling on the motion and counsel never renewed the motion or obtained a ruling on it. Appellant's second point is that his counsel was ineffective for withdrawing an accomplice instruction. Counsel tendered an accomplice instruction, but later withdrew it believing it was not applicable. On direct appeal, appellant raised the issue of Larque's status as an accomplice. However, this court could not address the issue because the issue was not preserved for review. *Vickers*, 313 Ark. at 67, 852 S.W.2d at 789.

Appellant argues the evidence presented at his trial proves Larque was an accomplice as a matter of law. The significance of Larque's status as an accomplice derives from Ark. Code Ann. § 16-89-111(e)(1) (1987), which provides that a defendant cannot be convicted of a felony upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the crime. Appellant argues that it is undisputed that he and Larque agreed to drive from their hometown of Stuttgart to Little Rock to purchase drugs. Since there was testimony showing Larque intended to use a gun to kill anyone who tried to rip them off, appellant's argument continues, a natural and probable consequence of their agreement to purchase drugs was that someone might be killed, and Larque was therefore an accomplice to the murder. Appellant argues further that he was prejudiced because there was no evidence to corroborate Larque's testimony as required by section 16-89-111(e)(1), and but for counsel's failure to have Larque declared an accomplice, the jury would have entertained reasonable doubt as to appellant's guilt of first degree murder.

The state contends it is not the testimony at trial that is relevant to this appeal, rather it is the testimony of appellant's trial counsel at the Rule 37 hearing that we should consider. Contrary to the state's assertion, we may consider the testimony given and evidence received at trial and abstracted in appellant's brief because the entire trial transcript was admitted as an exhibit at

the Rule 37 hearing. Although we have carefully considered the evidence presented at appellant's trial, we do not repeat it here due to its length and because, for the reasons developed below, resolution of appellant's claim of ineffective assistance of counsel does not require that we determine whether Larque was an accomplice as a matter of law.

Counsel, J.W. Green, Jr., testified at the Rule 37 hearing that he had practiced law for thirty years and had been a prosecuting attorney as well as public defender when he was retained by appellant. Counsel stated that in his early discussions with appellant, counsel eliminated self-defense as a possible defense theory due to the location of the victim's gunshot wounds. In later discussions with appellant in which appellant denied committing the murder, counsel determined the defense should be a complete denial of any participation in the murder. Counsel stated he thought complete denial would be the best theory of defense because, even though only Larque and appellant were present when the murder occurred, he thought the physical evidence would corroborate Larque's testimony. The state points out that appellant agreed to the defense of denial and chose to testify at trial. His trial testimony was wholly consistent with the defense of denial.

■■ This court will reverse a trial court's denial of post-conviction relief only if its findings are clearly erroneous or clearly against the preponderance of the evidence. *Pettit* v. *State*, 296 Ark. 423, 758 S.W.2d 1 (1988). This court summarized the standard of review applicable to ineffective assistance of counsel claims in *Pogue* v. *State*, 316 Ark. 428, 432-33, 872 S.W.2d 387, 389 (1994):

> [C]laims of ineffective counsel . . . must be examined in light of the standard set in *Strickland* v. *Washington*, 466 U.S. 668 (1984). That standard provides a two-prong test that must be met: (1) that the deficient performance of counsel must have resulted in errors so serious that counsel was not functioning as "counsel" guaranteed by the Sixth Amendment, and (2) prejudice resulted which deprived the petitioner of a fair trial. *Id.* There is a strong presumption that trial counsel's conduct falls within the wide range of reasonable professional assistance, and the

petitioner alleging differently has the burden of overcoming that presumption. *Wainwright* v. *State*, 307 Ark. 569, 823 S.W.2d 449 (1992). In assessing trial counsel's performance, we make every effort to eliminate the distorting effects of hindsight. *Burnett* v. *State*, 310 Ark. 202, 832 S.W.2d 848 (1992).

The state contends that appellant's argument amounts to second-guessing counsel's trial strategy. This court has repeatedly held that matters of trial tactics and strategy, which can be matters of endless debate by experienced advocates, are not grounds for post-conviction relief. *Monts* v. *State*, 312 Ark. 547, 851 S.W.2d 432 (1993); *see Pogue*, 316 Ark. 428, 872 S.W.2d 387. We agree with the state that counsel's decision not to have Larque declared an accomplice was one of strategy, not one of ineffectiveness. Counsel testified he believed that the physical evidence would corroborate Larque's testimony and that appellant himself completely denied participating in the murder. With only Larque and appellant present, and suicide ruled out due to the victim's wounds, we cannot say counsel's decisions not to have Larque declared an accomplice and not to have the jury so instructed were anything but tactical, and therefore incapable of analysis as effective or ineffective. Moreover, counsel's decisions were entirely consistent with the information his client, appellant, had given him. Appellant assured his counsel he did not participate in the murder. To have Larque declared an accomplice would require an admission of some participation on appellant's part and would thus be entirely inconsistent with the defense of complete denial. Appellant cannot have it both ways. Appellant cannot tell his counsel he did not participate in the murder and then have his counsel declared ineffective for failing to present a defense theory entirely inconsistent with the denial, for that result would be akin to the doctrine of invited error. This court has previously held that the failure to defend a criminal charge on the basis of inconsistent defenses normally is not evidence of ineffective counsel. *Jeffers* v. *State*, 280 Ark. 458, 658 S.W.2d 869 (1983). Counsel's actions are presumed to be within the wide range of reasonable and professional assistance, *Pogue*, 316 Ark. 428, 872 S.W.2d 387, and appellant has fallen woefully short of carrying his burden to prove otherwise.

Merely for the sake of argument, we observe that,

even if we make the assumption that the theory of defense presented on the facts of this case was erroneous or amounted to ineffective assistance, appellant cannot demonstrate prejudice, the second prong of the test for ineffective assistance of counsel. *Id.* The record clearly supports counsel's determination that there was indeed other evidence to corroborate Larque's testimony. Larque testified that appellant drove them both to Little Rock in a family member's Nissan pick-up truck, where they picked up the victim, Kenneth Jackson, and continued to drive around Little Rock looking for drugs to buy. According to Larque, appellant drove down Pratt Road and stopped at a building, where appellant and Jackson exited the truck. Larque testified that he had just exited the truck when he heard a gunshot; he then saw appellant standing over the victim's body and saw appellant fire a second shot. The physical evidence showed that footprints at the scene indicated appellant exited his truck, walked behind the truck to the victim's body, and returned to the truck. Only one footprint was associated with Larque; it was found on the right side of the truck, within two to three feet of the victim's tracks. The medical examiner testified the victim was shot twice in the head. The first shot was from a distance of eighteen inches to four feet and from an angle higher than the victim's head. The second shot was fired from very close or point blank range. Thus, even assuming Larque had been declared an accomplice, there was other substantial evidence from which the jury could have found corroboration of Larque's testimony. Therefore, appellant has not demonstrated any prejudice from his counsel's failure to have Larque declared an accomplice, or from counsel's withdrawal of the accomplice instruction.

Appellant's third argument for reversal is that counsel was ineffective for withdrawing instructions on the lesser included offenses of second-degree murder and manslaughter. As the state contends, this court effectively answered this argument on direct appeal when we held that, because appellant's defense was complete denial, there was no rational basis for giving instructions on the lesser included offenses. *Vickers*, 313 Ark. at 68, 852 S.W.2d at 789-90. Since we have determined in the instant appeal that counsel's decision to present the defense of complete denial was entirely within the range of reasonable professional assistance, we find his decision not to pursue the instruc-

tions on lesser included offenses was likewise entirely reasonable and consistent with effective assistance. In fact, as we stated on direct appeal, the instructions were simply not available given the particular defense presented. *Id.*

This appeal is wholly without merit and the judgment denying post-conviction relief is affirmed.