## Billy OWENS *v.* STATE of Arkansas

CR 95-1187                                    924 S.W.2d 459

Supreme Court of Arkansas
Opinion delivered June 17, 1996

*Craig Lambert*, for appellant.

No response.

PER CURIAM. Appellant Billy Owens filed a petition in the trial court pursuant to Criminal Procedure Rule 37, challenging his convictions on four counts of delivery of a controlled substance. The petition was denied, and appellant appealed to this court. We affirmed the order of the trial court on the ground that the petition filed in the trial court was not timely. *Owens v. State*, CR 95-1187 (May 28, 1996). In determining the timeliness of the petition, we relied on the abstract of the record in the appellant's brief.

Appellant Billy Owens now seeks a rehearing on the ground that the original Rule 37 petition was timely. He states that the original petition was not included in the abstract in the appellant's brief because the original petition, which was pro se, was "cleaned up by the filing of amended petitions and the oral amendments that were made in open court."

The petition for rehearing is denied. It was the responsibility of the appellant to provide an abstract of the record such that this court could determine without examining the record that the Rule 37 petition was timely. We have said repeatedly that the record on appeal is confined to that which is properly abstracted because it is not feasible for the seven justices of this court to each examine the record. *Pogue* v. *State*, 316 Ark. 428, 872 S.W.2d 387 (1994); *Brown* v. *State*, 316 Ark. 724, 875 S.W.2d 828 (1984); *Porchia* v. *State*, 306 Ark. 443, 815 S.W.2d 926 (1991). When an abstract is deficient, the lower court's judgment or order must be affirmed. *See Fruit* v. *State*, 304 Ark. 457, 802 S.W.2d 930 (1991). We will not explore the record for prejudicial error. *Pogue* v. *State*, 316 Ark. 428, 872 S.W.2d 387; *Watson* v. *State*, 313 Ark. 304, 854 S.W.2d 332 (1993); *Bowers* v. *State*, 292 Ark. 249, 729 S.W.2d 170 (1987).

Petition denied.

BROWN, J., would grant.

DUDLEY, J., not participating.