## Rodney RAGLIN *v.* STATE of Arkansas

CR 97–402 945 S.W.2d 937

Supreme Court of Arkansas
Opinion delivered June 2, 1997

*Appellant,* pro se.

*Winston Bryant,* Att'y Gen., by: *Vada Berger,* Asst. Att'y Gen., for appellee.

PER CURIAM. In 1990, Rodney Raglin was found guilty by a jury of murder in the first degree. We affirmed. *Raglin v. State,* CR 90-214 (February 25, 1991).

At the time Mr. Raglin was convicted, our postconviction remedy was embodied in Criminal Procedure Rule 36.4. Rule 36.4 required the trial court to advise the defendant at sentencing that he was entitled to file within thirty days a motion for postconviction relief if he was dissatisfied with his attorney's representation. Raglin was so advised but did not file a motion.

At some point Raglin filed in the United States District Court two petitions seeking writs of habeas corpus which were consolidated, and on March 7, 1996, the magistrate issued an order declaring that the writ would issue in one-hundred twenty days if Raglin were not afforded a Rule 36.4 hearing in circuit court. The Order further provided that Raglin was to have the benefit of counsel at the hearing and on appeal to this court if relief were denied and an appeal taken.

Although no motion for postconviction relief under Rule 36.4 appears in the record, suggesting that the order of the federal court was allowed to substitute for a motion, a hearing was held in the trial court at which Raglin was represented by counsel. Relief was denied, and the appeal has been lodged here. Because the attorney at the hearing was relieved before the notice of appeal was filed, appellant Raglin now seeks appointment of counsel. The State urges this court to appoint an attorney so that the writ of habeas corpus will not be issued.

We grant the motion but do so only because not doing so would result in the vacation of a valid judgment which was upheld on appeal and the premature release of a defendant found guilty of a grave offense. At some point society is entitled to a expectation of finality in a criminal judgment.

■ There is a clear conflict between the federal action and our case law in that our case law does not allow for an untimely Rule 36.4 petition, unless the petitioner was *not* advised at the time of sentencing of his right to proceed under Rule 36.4. *See Cherry v. State,* 323 Ark. 733, 918 S.W.2d 125 (1996). Appellant was informed of his right to proceed under the rule and should not now be heard to complain because he failed to exercise that right. Moreover, this court appoints counsel in postconviction appeals only where the appellant demonstrates in the motion for counsel that there is substantial merit to the appeal. *See Miner v. Furman,* 318 Ark. 883, 887 S.W.2d 310 (1994). Appellant's motion states only that "the ends of justice would best be served" if counsel were appointed. Again, we are compelled to treat appellant differently because it is the federal court's view that the Rule 36.4 proceeding was an extension of the trial in the manner of a motion for new trial, making the petitioner entitled under the Sixth Amendment to appointment of counsel. When promulgated in 1989, Rule 36.4 was not intended as an extension of the trial, but rather as a postconviction remedy. *In the Matter of the Abolishment of Rule 37 and the Revision of Rule 36 of the Arkansas Rules of Criminal Procedure,* 299 Ark. 573 (1989). We are bound to act in accordance with the magistrate's order or permit the federal court to release the appellant who was convicted of an abhorrent crime.

Kelly Pace is appointed counsel for appellant. Our clerk is directed to set the briefing schedule for the appeal.

Motion granted.