Mary GARZA, Appellant,

v.

Irma GARZA, Appellee.

No. 04–05–00083–CV.

Court of Appeals of Texas,
San Antonio.

Oct. 19, 2005.

---

Forrest N. Welmaker, Jr., Welmaker Law Firm, P.C., San Antonio, for appellant.

Edward C. Mainz, Jr., Jerry L. Shiely, Thornton, Biechlin, Segrato, Reynolds & Guerra, L.C., San Antonio, for appellee.

Sitting: SARAH B. DUNCAN, Justice, KAREN ANGELINI, Justice, SANDEE BRYAN MARION, Justice.

## OPINION

Opinion by SANDEE BRYAN MARION, Justice.

This is an appeal from a summary judgment rendered in favor of appellee, Irma Garza. We affirm.

## BACKGROUND

On April 20, 1997, fourteen-year-old Lauren Garza was in a car driven by her grandmother, appellee Irma Garza, when an accident occurred. Lauren, who sustained injuries in the accident, filed suit against Irma on January 21, 2003. In her original petition, Lauren requested damages for her injuries resulting from the accident, including damages for her past and future medical expenses. Irma moved for partial summary judgment on the grounds that any claim for medical expenses incurred before Lauren's eighteenth birthday belonged, not to her, but to her parents. Therefore, according to Irma, Lauren had no standing to assert a claim for those medical expenses. On September 26, 2003, an amended petition was filed, in which Lauren's mother, appellant Mary Garza, was added as a plaintiff. In the amended petition, Lauren asserted a claim for medical expenses incurred after her eighteenth birthday and into the future, while Mary asserted a claim for medical expenses incurred before Lauren's eighteenth birthday. Irma filed a supplemental motion for summary judgment, in which Irma argued that Mary's claim for medical expenses was barred by the two-year statute of limitations. The trial court granted the motion and rendered a take-nothing judgment against Mary. After the trial court severed Mary's claims from those asserted by Lauren, this appeal by Mary ensued.[1] We affirm.

## DISCUSSION

Mary asserts that because Lauren's claims were timely-filed, Mary's subsequent claim for Lauren's medical expenses relates back and is considered timely-filed as well. "If a filed pleading relates to a cause of action ... that is not subject to a plea of limitation when the pleading is filed, a subsequent amendment ... to the pleading that changes the facts or grounds of liability or defense is not subject to a plea of limitation unless the amendment ... is wholly based on a new,

1. Lauren subsequently dismissed with prejudice her claims against Irma.

distinct, or different transaction or occurrence." TEX. CIV. PRAC. & REM.CODE ANN. § 16.068 (Vernon 1997). The cases relied upon by Mary establish that section 16.068 tolls the statute of limitations from running on a later-filed pleading. However, these cases are distinguishable either because they did not involve the addition of a new party or the assertion of a new claim. *See Franks v. Sematech, Inc.*, 936 S.W.2d 959, 960–61 (Tex.1997) (because insurance carrier could recover damages greater than benefits paid to employee in a subrogation action and remit excess to employee, employee's intervention related back to filing of subrogation suit); *Foust v. Estate of Walters*, 21 S.W.3d 495, 501 (Tex.App.-San Antonio 2000, pet. denied) (a misnomer case); *J.K. and Susie L. Wadley Research Inst. and Blood Bank v. Beeson*, 835 S.W.2d 689, 697 (Tex.App.-Dallas 1992, writ denied) (later-filed claim of original party not barred because claim was not based on a new, distinct or different transaction); *Bradley v. Burnett*, 687 S.W.2d 53, 55 (Tex.App.-Dallas 1985, no writ) (wrongful death action filed by original party related back to survivors' suit).

Here, there is no dispute that Mary was added as a new party after the limitations period had expired. *See Alexander v. Turtur & Assoc., Inc.*, 146 S.W.3d 113, 121 (Tex.2004) ("Ordinarily, an amended pleading adding a new party does not relate back to the original pleading"). Nevertheless, Mary contends that section 16.068 should be liberally construed to preserve her rights because Lauren's initial, albeit wrongful, claim for her pre-eighteenth birthday medical expenses served as notice to Irma that a claim for those expenses would be asserted. We acknowledge that Lauren's original petition may have served the purpose of notifying Irma that a claim for the medical expenses incurred before Lauren turned eighteen years old was being asserted. However, that alone is not reason enough to apply the relation-back doctrine because Lauren did not have a claim for those expenses.

A minor's cause of action is distinctly separate from the parent's right to recover damages for injuries to the minor. *Sax v. Votteler*, 648 S.W.2d 661, 666 (Tex. 1983). The purpose of section 16.068 is to protect existing rights. *Almazan v. United Serv. Auto. Ass'n*, 840 S.W.2d 776, 779 (Tex.App.-San Antonio 1992, writ denied). In her original petition, Lauren sought recovery of her past and future medical expenses. Lauren did not have an existing right to bring a claim for medical expenses incurred before her eighteenth birthday. That right belonged to her parents. *See Sax*, 648 S.W.2d at 666; *see also Covington v. Sisters of Charity of the Incarnate Word*, No. 07–03–0351–CV, 2005 WL 1521798, *4 (Tex.App.-Amarillo 2005, no pet. h.) (because original plaintiff was stranger to the suit, permitting her suit to toll limitations ran counter to requirement that survival suit be brought by personal representative of estate). Thus, the amended pleading adding Mary as a party plaintiff after the statute of limitations expired did not relate back to the filing of the original petition because Lauren herself did not have a cause of action for her pre-eighteenth birthday medical expenses. *See Covington* 2005 WL 1521798, * 4 n.7.

We conclude that because Lauren did not have standing to bring a claim for the medical expenses incurred before her eighteenth birthday, Mary was required to file her claim for those expenses within the applicable two-year statute of limitations. Because she did not do so, the trial court properly rendered summary judgment in Irma's favor. Accordingly, we overrule Mary's issue on appeal and we affirm the trial court's judgment.