SLIP OPINION

Cite as 2015 Ark. 489

# SUPREME COURT OF ARKANSAS .

No. CR-15-811

| | | |
|---|---|---|
| GIFFORD RAY | **APPELLANT** | **Opinion Delivered** December 17, 2015 |
| V. | | PRO SE PETITIONS FOR WRIT OF CERTIORARI AND MOTIONS FOR APPOINTMENT OF COUNSEL AND EXTENSION OF BRIEF TIME [HOT SPRING COUNTY CIRCUIT COURT, NO. 30CR-90-30] |
| STATE OF ARKANSAS | **APPELLEE** | |
| | | HONORABLE CHRIS E WILLIAMS, JUDGE |
| | | APPEAL DISMISSED; PETITIONS AND MOTIONS MOOT. |

**PER CURIAM**

In 1990, appellant Gifford Ray was convicted of first-degree murder and sentenced to life in prison. We affirmed. *Ray v. State*, 304 Ark. 489, 803 S.W.2d 894 (1991). The mandate from that appeal was issued on June 21, 1991. In 1993, Ray filed in the trial court a petition for postconviction relief under Arkansas Rule of Criminal Procedure 36.4 (1990). The petition was dismissed on the ground that it was not timely filed. We affirmed the order. *Ray v. State*, CR-97-915 (Ark. Sept. 24, 1998) (unpublished per curiam).

At the time that Ray was convicted, Rule 36.4 was the postconviction rule in effect.[1] Rule 36.4 required the trial court to advise the defendant at sentencing that he was entitled to

---

[1] At the time the conviction in Ray's case was entered, Arkansas Rule of Criminal Procedure 37.1 had been abolished, and this state's postconviction remedy was encompassed in Rule 36.4. This rule was later abolished and Rule 37.1 was reinstated in a revised form on January 1, 1991, as our postconviction remedy. *In re Rule 37*, 303 Ark. App'x 746, 797 S.W.2d 458 (1990) (per curiam).

SLIP OPINION

file within thirty days a motion for postconviction relief if he was dissatisfied with his attorney's representation. Ray did not file such a motion, but apparently attempted to proceed under the version of Arkansas Rule of Criminal Procedure 37.1 (1991) that was in effect before the abolishment of Rule 37 and its replacement with Rule 36.4. Under the former version of Rule 37, a defendant whose conviction had been affirmed on appeal was required to file a petition in the Supreme Court for permission to proceed under Rule 37 in the trial court. The limitations period for taking such action was three years.

On appeal from the denial of the petition, he argued that the petition was not untimely because he was entitled to the three-year limitations period under the former version of Rule 37. The State, in its response, contended that Ray's only possible avenues for postconviction relief were provided by Rule 36.4 and the reinstated version of Rule 37.1. The State argued that Ray could not proceed under either remedy in a timely manner. We held that the State's position was correct.

We have held that a defendant who was convicted when Rule 36.4 was in effect can file a belated petition under Rule 36.4 when he demonstrates that he was not advised of his right to proceed under the rule. *Cherry v. State*, 323 Ark. 733, 918 S.W.2d 125 (1996). The other circumstance in which a belated petition can be filed is when a federal district court issues a conditional writ of habeas corpus. *Raglin v. State,* 328 Ark. 750, 945 S.W.2d 937 (1997). A defendant who was convicted while Rule 36.4 was in effect, but whose conviction was affirmed after Rule 37 was reinstated, was permitted sixty days from the date of the mandate in which to file a petition. *Pogue v. State,* 316 Ark. 428, 872 S.W.2d 387 (1994). Ray

SLIP OPINION

was convicted when Rule 36.4 was in effect. His conviction was affirmed after the reinstatement of Rule 37. Ray did not demonstrate that he was not advised of his right to proceed under Rule 36.4, nor did he file his petition within sixty days of the date of the appellate mandate. Ark. R. Crim. P. 37.2(b). Accordingly, this court held that Ray was not entitled to postconviction relief under either rule.

On April 13, 2015, Ray filed in the trial court a "motion for a new trial or reduction of sentence under a belated Rule 36.4 motion for a new trial" in which he again contended that he was entitled to proceed for postconviction relief under Rule 36.4. The motion was denied, and Ray has lodged an appeal in this court. Now before us are Ray's petitions for writ of certiorari to bring up a more extensive record and his motions for appointment of counsel and an extension of brief time.

Because it is clear that Ray cannot prevail on appeal, the appeal is dismissed, and the petitions and motions are moot. An appeal from an order that denied a petition for postconviction relief will not be allowed to proceed when it is clear that the appellant could not prevail. *Justus v. State*, 2012 Ark. 91.

This court held in 1998 that Ray's petition filed in 1993, whether considered under Rule 36.4 or Rule 37.1 was not timely filed. As such, his motion filed in 2015 was also untimely. Ray did not make a showing in his 2015 motion that there was a ground to permit a belated 36.4 petition to be filed. Accordingly, Ray could not prevail on appeal from the order that denied the 2015 motion.

Appeal dismissed; petitions and motions moot.