**Opinion issued June 7, 2018**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-16-00463-CV

————————————

**ARTURO CASTELAN AND GUSTAVO CASTELAN, Appellants**

**V.**

**MICHAEL GERARD, Appellee**

---

**On Appeal from the 269th District Court**
**Harris County, Texas**
**Trial Court Case No. 2013-22182**

---

## MEMORANDUM OPINION

Appellant, Gustavo Castelan ("Gustavo"),[1] challenges the portion of the trial

---

[1]     Appellant, Arturo Castelan ("Arturo"), also filed a notice of appeal in the instant case; however, he has not raised any issues or complaints about the trial court's judgment or made any argument on his own behalf. *See* TEX. R. APP. P. 38.1(f), (h), (i); *Canton-Carter v. Baylor College of Med.*, 271 S.W.3d 928, 931–32 (Tex. App.—Houston [14th Dist.] 2008, no pet.). Accordingly, we hold that Arturo has

court's judgment, rendered after a jury trial in his suit for negligence and gross negligence against appellee, Michael Gerard, denying Gustavo recovery of past medical expenses incurred after a car collision when he was a minor. In his sole issue, Gustavo contends that the trial court erred in granting Gerard a directed verdict and not submitting a jury question on ratification regarding his past medical expenses.

We affirm.

## Background

In his first amended petition, Gustavo alleged that on June 22, 2012, while he was still a minor, he was injured when Gerard's car "struck" the car in which he was riding.[2] After he turned eighteen years old, Gustavo sued Gerard for negligence and gross negligence, seeking damages for, among other things, past medical expenses incurred while he was still a minor.

After Gustavo rested his case at trial, Gerard moved for a directed verdict on Gustavo's claim for past medical expenses, arguing that he lacked standing to recover such damages because he was a minor at the time they were incurred and, therefore, any right to recover such expenses belonged to his parents. The trial

---

waived any complaints regarding the trial court's judgment. *See* TEX. R. APP. P. 38.1(f), (h), (i); *In re S.B.B.*, No. 01-11-00610-CV, 2012 WL 6094187, at *1 n.2 (Tex. App.—Houston [1st Dist.] Dec. 6, 2012, no pet.) (mem. op.); *Canton-Carter*, 271 S.W.3d at 931–32.

[2] Arturo was driving the car.

court granted the motion and entered a directed verdict, holding that Gustavo could not recover his past medical expenses. At the jury charge conference, Gustavo requested and submitted a question to the trial court on the issue of whether he had ratified the contracts for his past medical expenses once he became an adult, and the trial court denied his request.[3]

The jury found that the negligence of both Arturo and Gerard proximately caused the collision. It attributed fifty percent of the liability to Arturo and fifty percent to Gerard. The trial court rendered judgment on the verdict, incorporating its directed verdict in which it denied Gustavo's recovery for past medical expenses incurred while he was a minor.[4]

Gustavo filed a Motion to Modify the Judgment or, Alternatively, Motion for New Trial, asking the trial court to render judgment in his favor for past medical expenses. Alternatively, he requested that the trial court grant a new trial to submit to a jury the issue of whether he had ratified the contracts for his past medical expenses, which were allegedly unpaid at the time of trial, once he became an adult. Gustavo's motion was overruled by operation of law.

---

[3]     The record reflects that the trial court intended to, but did not, file Gustavo's proposed question with the clerk, and it is not part of the record.

[4]     The judgment also incorporates, among other things, damages amounts stipulated to by the parties before trial.

3

## Standard of Review

A directed verdict is proper if no evidence of probative force raises a fact issue on the material questions in the suit. *Prudential Ins. Co. of Am. v. Fin. Review Servs., Inc.,* 29 S.W.3d 74, 77 (Tex. 2000). When reviewing a directed verdict, we consider all of the the evidence in the light most favorable to the party against whom the verdict was rendered, and we disregard all evidence and inferences to the contrary. *Qantel Bus. Sys., Inc. v. Custom Controls Co.,* 761 S.W.2d 302, 303 (Tex. 1988); *Mayes v. Stewart,* 11 S.W.3d 440, 450 n.4 (Tex. App.—Houston [14th Dist.] 2000, pet. denied). If there is no evidence of probative force on a material, requisite fact, a directed verdict is proper. *See Columbia/HCA of Hous., Inc. v. Tea Cake French Bakery & Tea Room,* 8 S.W.3d 18, 22 (Tex. App.—Houston [14th Dist.] 1999, pet. denied).

A trial court has wide discretion in submitting jury instructions and questions. *Ginn v. NCI Bldg. Sys., Inc.*, 472 S.W.3d 802, 828 (Tex. App.—Houston [1st Dist.] 2015, no pet.). A trial court abuses its discretion if it acts in an arbitrary or unreasonable manner, or if it acts without reference to any guiding rules or principles. *Moss v. Waste Mgmt. of Tex., Inc.*, 305 S.W.3d 76, 81 (Tex. App.—Houston [1st Dist.] 2009, pet. denied). An appellate court will not reverse a judgment for charge error unless the error was harmful in that it "probably caused

the rendition of an improper judgment" or "probably prevented the appellant from properly presenting the case to the court of appeals." TEX. R. APP. P. 44.1(a).

## Recovery of Medical Expenses by Minor

In his sole issue, Gustavo argues that, with respect to his past medical expenses, the trial court erred in granting Gerard a directed verdict and not submitting his requested jury question on ratification because an injured minor who brings a lawsuit after attaining the age of majority may recover past medical expenses.

Texas courts have long recognized that a minor has a well-defined common law cause of action to sue for injuries negligently inflicted by others. *See e.g.*, *Sax v. Votteler*, 648 S.W.2d 661, 666 (Tex. 1983). This is distinct, however, from his parents' rights to recover damages for injuries to their child. *Id.* Although a minor may recover damages for pain and suffering, as well as other damages he may accrue after he reaches the age of majority, a cause of action to recover medical expenses incurred by a minor child through the date the child attains the age of majority belongs to the child's parents. *Id.* ("Historically, in Texas, the right to recover for medical costs incurred on behalf of the minor is a cause of action belonging to the parents, unless such costs are a liability as to the minor's estate."). This is because "the parents of an unemancipated minor child are primarily responsible for the costs of medical attention furnished to him," and "in the

5

absence of facts which would render the minor personally liable for such expenses, he has no cause of action to recover them from a third party tort feasor." *Acme Prods. Co. v. Wenzel*, 448 S.W.2d 139, 142 (Tex. Civ. App.—Houston [1st Dist.] 1969, no writ); *see also Roth v. Law*, 579 S.W.2d 949, 956 (Tex. App.—Corpus Christi 1979, writ ref'd n.r.e.).

Gustavo recognizes the principles stated above, but argues that his claim for past medical expenses incurred when he was a minor constitutes an exception to established precedent because minors cannot avoid contracts for necessities and he ratified the contracts for his medical care resulting from the collision when he filed the lawsuit to recover those expenses after attaining the age of majority. However, it is well-established that a cause of action for past medical expenses incurred before a minor attains the age of majority belongs to his parents.[5] *See, e.g., Sax*, 648 S.W.2d at 666. And while he certainly benefited from the medical care provided, there is no evidence in the record that Gustavo, as opposed to his parents, entered into a contract to pay for his medical care following the collision. *Wenzel*, 448 S.W.2d 142 ("[I]n the absence of facts which would render the minor personally liable for such [medical] expenses, he has no cause of action to recover them from a third party tort feasor."); *see also Whitten v. Vehicle Removal Corp.*,

---

[5] In support of his argument, Gustavo relies on *J&D Towing, LLC v. American Alternative Insurance Co.*, 478 S.W.3d 649 (Tex. 2016). However, this case does not involve a minor's rights to damages at all, much less the specific issue in this case.

6

56 S.W.3d 293, 312 (Tex. App.—Dallas 2001, pet. denied) (explaining establishment of third-party beneficiary status predicated on, among other things, "all presumptions being invoked against liability to the third party"). Further, Gustavo does not argue that any agreement between his parents for his medical expenses purported to obligate him for payment or was in some way invalid or in need of ratification. *See Gold's Gym Franchising LLC v. Brewer*, 400 S.W.3d 156, 162 (Tex. App.—Dallas 2013, no pet.) ("[T]here can be no ratification of a contract by one who is not a party to it unless the original contract purported to be in the name of, or for, the person alleged to have ratified it."); *Huginnie v. Loyd*, 483 S.W.2d 696, 702 (Tex. Civ. App.—Tyler 1972, writ ref'd n.r.e.).

In the few cases in which an adult has sued for past medical expenses incurred when he was a minor, the courts have all ultimately held that a suit for recovery of these expenses still belongs to the parents even after the minor attains the age of majority. *See Garcia v. Cerda*, No. 07-12-00168-CV, 2013 WL 3788509, at *2 (Tex. App.—Amarillo July 15, 2013, no pet.) (mem. op.) ("[T]rial court acted without reference to any guiding rules or principles when it overruled" objection to jury question concerning past medical expenses where record "clearly demonstrate[d]" plaintiff minor "at the time of the accident" and "all of the medical treatment he received in connection with the accident was rendered while he was a minor."); *Garza v. Garza*, 182 S.W.3d 69, 71 (Tex. App.—San Antonio

2005, no pet.) (recognizing plaintiff who brought lawsuit after attaining age of majority "did not have an existing right to bring a claim for medical expenses incurred before her eighteenth birthday" because "[t]hat right belonged to her parents"); *see also Hernandez v. Morales*, No. Civ. Action No. 7:13-CV-234, 2014 WL 794201, at \*3 (S.D. Tex. Feb. 25, 2014) (applying Texas law in rejecting adult plaintiff's claim for past medical expenses resulting from injury sustained and treated as minor because right to recover those expenses belonged to parents).

Although not binding precedent, the Southern District of Texas's analysis in *Hernandez* is instructive. In that case, the plaintiff argued, as Gustavo does here, that "her medical care, as a contract for necessities, [was] 'neither void nor voidable'; . . . she entered an implied contract by receiving medical treatment; and . . . she ratifie[d] her parents' contract for medical treatment." *Hernandez*, 2014 WL 794201, at \*3. "[I]n effect, [she] argue[d] that she ha[d] accepted responsibility for these expenses, and should own the claim." *Id.* However, the court rejected her argument because the evidence demonstrated that her parents had entered into the contract, and she was not a party to the contract. *Id.* (explaining plaintiff could not "ratify a contract to which she was never a party"). Further, her "new promise to pay the medical bills [did] not create any new obligation on the part of the medical providers" and was "unenforceable" due to lack of consideration. *Id.* at \*4.

Here, as with the plaintiff in *Hernandez*, there is no evidence in the record that Gustavo, and not his parents, entered into a contract to pay for his medical care resulting from the collision. As such, he cannot ratify a contract to which he was never a party. And any cause of action arising from medical expenses incurred while he was a minor belongs to his parents.

Accordingly, we hold that the trial court did not err in granting Gerard a directed verdict on Gustavo's claim for past medical expenses. We further hold that the trial court did not err in not submitting a jury question on ratification regarding his past medical expenses.

We overrule Gustavo's sole issue.

## Conclusion

We affirm the judgment of the trial court.

Terry Jennings
Justice

Panel consists of Justices Jennings, Massengale, and Caughey.