Frank FOX *v.* STATE of Arkansas

CR 92-493                                          832 S.W.2d 244

Supreme Court of Arkansas
Opinion delivered June 15, 1992

*Appellant*, pro se.

*Winston Bryant*, Att'y Gen., by: *Clint Miller*, Senior Asst. Att'y Gen., for appellee.

PER CURIAM. On March 22, 1990, the appellant Frank Fox pleaded guilty to murder in the first degree. Seventeen months later in 1991, he filed a *pro se* "petition for writ of error coram nobis and/or petition for post-conviction proceedings." In the petition he invoked Criminal Procedure Rule 26 and Criminal Procedure Rule 37. The trial court denied the petition, and the record has been lodged here on appeal. Appellant now seeks appointment of counsel to represent him.

When appellant entered his plea of guilty in 1990, Criminal Procedure Rule 37 was not in effect. *See In The Matter Of The Abolishment Of Rule 37. And The Revision Of Rule 36. Of The Arkansas Rules Of Criminal Procedure*, 299 Ark. 573, 770 S.W.2d 148 (1989). Criminal Procedure Rule 26 was likewise unavailable to the appellant since relief under Rule 26 can be granted only before sentence is pronounced. *Malone v. State*, 294 Ark. 376, 742 S.W.2d 945 (1988). During that period of time when Rule 37 was not in effect, Criminal Procedure Rule 36.4 governed post-conviction procedure.[1] *See In Re: Post-Conviction Procedure*, 303 Ark. 745, 797 S.W.2d 458 (1990). Rule 36.4 allowed thirty days from the date of pronouncement of sentence and entry of judgment for claims of ineffective assistance of counsel to be raised. The rule also provided that the trial judge was required to address the defendant personally and advise him or her of the thirty-day limitation on such claims.

As the appellant here was not informed when he pleaded guilty of the thirty-day limitation, the trial court elected to consider the petition for post-conviction relief timely. We agree with the trial court that appellants who were not informed of their right to proceed under Rule 36.4 should have had the opportunity to present their claim to the court, but we find that such appellants must have exercised reasonable diligence in filing the petitions. The appellant here did not exercise reasonable diligence. For this reason, appellant's motion for appointment of counsel is denied and the appeal is dismissed. This court has consistently held that

---

[1] Even though Rule 36.4 did not specifically state that judgments entered after a plea of guilty could be collaterally attacked on grounds of ineffective assistance of counsel under the rule, this court has held that the rule was available to those appellants who pleaded guilty while Rule 37 was not in effect. *Thompson v. State*, 307 Ark. 492, 821 S.W.2d 37 (1991).

motions will not be granted which have the effect of continuing an appeal in which the appellant cannot prevail. *Chambers* v. *State*, 304 Ark. 663, 803 S.W.2d 932 (1991); *Johnson* v. *State*, 303 Ark. 560, 798 S.W.2d 108 (1990); *Williams* v. *State*, 293 Ark. 73, 732 S.W.2d 456 (1987).

■ Criminal Procedure Rule 37 was reinstated on January 1, 1991. *In The Matter Of The Reinstatement Of Rule 37 Of The Arkansas Rules Of Criminal Procedure*, 303 Ark. 746, 797 S.W.2d 458 (1990). The revised Rule 37 provided that a petitioner who entered a plea of guilty must file any petition for post-conviction relief under the rule with ninety days of the date of entry of judgment.[2] It is not an unreasonable restriction on an appellant for post-conviction relief to require that in those instances where a petitioner pleaded guilty while Rule 37 was not in effect and the petitioner was not advised of the provisions of Rule 36.4, petitions under Rule 37 will not be considered timely unless the petition was filed within ninety days of the date of the reinstatement of Rule 37. As appellant did not file a petition for post-conviction relief until August 28, 1991, which was more than ninety days after Rule 37 was reinstated, his petition was untimely and he was entitled to no relief in the trial court.

■ States are not obligated to provide for post-conviction relief. *Pennsylvania* v. *Finley*, 481 U.S. 551 (1987). When a state undertakes to provide collateral relief, due process requires only that the proceeding be fundamentally fair. *Pennsylvania* v. *Finley*, 481 U.S. 551; *see Evitts* v. *Lucey*, 469 U.S. 387 (1985). Due process does not require courts to provide an unlimited opportunity to present post-conviction claims, and modifications in the rules governing post-conviction procedure in criminal cases do not violate the *ex post facto* clause of the United States Constitution and Arkansas Constitution. *Maulding* v. *State*, 299 Ark. 570, 776 S.W.2d 339 (1989).

In sum, the appellant must be said to have procedurally defaulted with regard to his right to proceed for post-conviction relief in state court because, while he had not been duly informed

---

[2] If the judgment was not entered of record within ten days of the date sentence was pronounced, a petition under the rule must be filed within ninety days of the date sentence was pronounced.

of his right to petition for such relief under Rule 36.4 when it was in effect, he could have requested post-conviction relief under the new Rule 37 if he had done so in a timely manner after it was reinstated.

Motion denied and appeal dismissed.