Jimmy ELLIS *v.* STATE of Arkansas

CR 93-1173                                                     872 S.W.2d 71

Supreme Court of Arkansas
Opinion delivered March 21, 1994

*Appellant,* pro se.

No response.

■ PER CURIAM. The appellant Jimmy Ellis was found guilty by a jury in 1992 of possession of a controlled substance and sentenced as a habitual offender to forty-five years imprisonment. We affirmed. *Ellis* v. *State,* CR 92-1295 (March 29, 1993). Appellant subsequently filed in the trial court a timely *pro se* petition pursuant to Criminal Procedure Rule 37 seeking a new trial or other appropriate post-conviction relief. The trial court denied the petition after a hearing, and appellant lodged the record in this court on appeal. Shortly after the record was lodged, appellant requested appointment of counsel. The motion was denied as there is no right to counsel in a post-conviction proceeding. *Ellis* v. *State,* CR 93-1173 (December 13, 1993), citing *Pennsylvania* v. *Finley,* 482 U.S. 551 (1987). Appellant was granted an extension of forty days to submit his brief. The brief was filed January 24, 1994, and his reply brief was filed March 9, 1994.

On March 2, 1994, appellant filed another motion for appointment of counsel, or in the alternative, for permission to allow a fellow inmate where he is incarcerated to serve as the unpaid "legal advocate of record." He further asks that he be permitted an extension of five days and access to the transcript on appeal so that the fellow inmate may assist him in preparing another brief.

While a prisoner may avail himself of the assistance of an unpaid lay person in conducting his legal affairs, this court will not extend to a non-attorney permission to proceed as counsel-of-record before this court. States are not obligated to provide for post-conviction relief. When a state undertakes to provide for collateral attack on a criminal judgment, due process requires only that the proceeding be fundamentally fair. *Fox* v. *State*, 309 Ark. 619, 832 S.W.2d 244 (1992), citing *Pennsylvania* v. *Finley*, 481 U.S. 551 and *Evitts* v. *Lucey*, 469 U.S. 387 (1985). Appellant has not demonstrated that he is entitled to the assistance of a lay advocate-of-record or an extension of time to file another brief.

Motion denied.

CORBIN, J., not participating.