**Jerry Lynn EASTER, Appellant,**

v.

**Roger ENDELL, Director, Arkansas Department of Correction, Appellee.**

No. 94–1255.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 13, 1994.

Decided Oct. 20, 1994.

Howard B. Eisenberg, Little Rock, AR, argued, for appellant.

Olan Reeves, Sr. Asst. Atty. Gen., Little Rock, AR, argued, for appellee.

Before RICHARD S. ARNOLD, Chief Judge, WOLLMAN and BEAM, Circuit Judges.

WOLLMAN, Circuit Judge.

This is a habeas corpus case. The state of Arkansas argues that petitioner, Jerry Easter, is procedurally barred from having the merits of his petition considered in federal court. The district court agreed. We reverse and remand.

## I

In December of 1989, Easter pled guilty in an Arkansas circuit court to burglary, illegal possession of a firearm, and being a habitual offender. Arkansas does not allow persons who plead guilty to appeal their convictions. ARK.R.CRIM.P. 36.1. In addition, at the time of Easter's conviction Arkansas had no post-conviction remedy (other than a requirement that the convict be informed of his right to move for a new trial based on ineffectiveness of counsel). *In re Abolishment of Rule 37, etc.*, 299 Ark. 573, 770 S.W.2d 148 (1989). One year after Easter's conviction, Arkansas reinstated post-conviction review. *In re Reinstatement of Rule 37, etc.*, 303 Ark. 746, 797 S.W.2d 458 (1990). The new rule provides for review of guilty pleas, but only on petition within 90 days of judgment. 797 S.W.2d at 459. The rule nowhere mentions retroactive application.

A year and a half after the new Rule 37 took effect, the Supreme Court of Arkansas held that persons who pled guilty during the no-review hiatus had a right to proceed under Rule 37. *Fox v. State*, 309 Ark. 619, 832 S.W.2d 244, 245–46 (1992) (limiting the retroactive remedy to those—such as Easter—who had not been properly informed of their right to move for a new trial). The court went on to hold that such petitions should have been filed within 90 days of the reinstatement of Rule 37. 832 S.W.2d at 246. Of course, this deadline expired more than a year before *Fox* was handed down.

After *Fox*, Easter filed a Rule 37 petition. It was rejected as untimely under *Fox*. Easter's second Rule 37 petition was likewise rejected. Neither order was appealed. Easter then sought federal habeas corpus relief under 28 U.S.C. § 2254, contending that his conviction was unconstitutional because he had been denied effective counsel

and because his guilty plea was not based on a full understanding of the law.

The district court found no excuse for Easter's failure to timely raise his claim in state court, a failure which was held to foreclose federal review.

## II

### a. Adequate state ground

■ Federal courts always have the equitable power to look beyond a state procedural bar and proceed to the merits of a habeas corpus petition. *McCleskey v. Zant,* 499 U.S. 467, 490, 111 S.Ct. 1454, 1468, 113 L.Ed.2d 517 (1991); *Reed v. Ross,* 468 U.S. 1, 9, 104 S.Ct. 2901, 2907, 82 L.Ed.2d 1 (1984). But federal courts historically have shown great restraint in exercising this power, a restraint stemming from prudential concerns, including respect for state court authority and the finality of state court decisions. *McCleskey,* 499 U.S. at 490–91, 111 S.Ct. at 1468–69; *Reed,* 468 U.S. at 10–12, 104 S.Ct. at 2907–08.

■ Also, the power to excuse a state procedural default in a criminal case is limited by the fact that there is no federal constitutional right to either direct appeal or post-conviction review. *See Evitts v. Lucey,* 469 U.S. 387, 400, 105 S.Ct. 830, 838, 83 L.Ed.2d 821 (1985); *Branch v. Turner,* 37 F.3d 371, 375 (8th Cir.1994). Nevertheless, once such a remedy is granted by the state, its operation must conform to the due process requirements of the 14th Amendment. *Evitts,* 469 U.S. at 400–01, 105 S.Ct. at 838–39; *Branch,* 37 F.3d at 374–75.

■ In deciding whether state rules purporting to bar federal direct or post-conviction review meet these due process requirements, the Supreme Court has established that the bar (or default) must rest on adequate and independent state grounds. *Ford v. Georgia,* 498 U.S. 411, 422–24, 111 S.Ct. 850, 856–58, 112 L.Ed.2d 935 (1991); *Harris v. Reed,* 489 U.S. 255, 262–63, 109 S.Ct. 1038, 1043–44, 103 L.Ed.2d 308 (1989); *Wainwright v. Sykes,* 433 U.S. 72, 81–83, 97 S.Ct. 2497, 2503–04, 53 L.Ed.2d 594 (1977); *Harmon v. Ryan,* 959 F.2d 1457, 1461 (9th Cir. 1992). This is so because if the bar rests on federal grounds, federal review is proper. If the independent and adequate state ground hurdle is cleared, the inquiry moves to whether or not the petitioner has shown both sufficient cause to excuse the default and prejudice arising from the default. *See Coleman v. Thompson,* 501 U.S. 722, 750, 111 S.Ct. 2546, 2565, 115 L.Ed.2d 640 (1991).

■ In this case, it is clear that the grounds pointed to by the state as barring review are independent state grounds; the exercise of Arkansas' criminal Rule 37 is in no way linked to or dependent on any federal law. *See Harmon,* 959 F.2d at 1461. Does the Rule 37 bar also meet the due process requirement of adequacy? We think not.

Perhaps the most instructive recent Supreme Court decision on the due process requirement of adequate state grounds is *Ford.*

Ford was a black whose conviction of rape, kidnapping and murder was upheld by the Supreme Court of Georgia. While his petition for certiorari was pending before the Supreme Court of the United States, the Court held in *Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), that a black defendant could make a prima facie equal protection case by showing that the prosecution had used racially motivated peremptory strikes. The Court later held that this new standard would apply retroactively to all cases—such as Ford's—pending on direct review. *Griffith v. Kentucky,* 479 U.S. 314, 107 S.Ct. 708, 93 L.Ed.2d 649 (1987). Ford's petition for certiorari was therefore granted, and the case was remanded for further proceedings in light of *Batson* and *Griffith. Ford,* 498 U.S. at 417, 111 S.Ct. at 854.

On remand, the Supreme Court of Georgia held that Ford's equal protection claim was procedurally barred because it had not been timely raised in the Georgia state courts. Georgia procedure required that *Batson* claims be raised prior to the jury's swearing-in, and Ford had failed to raise his claim then. Thus, the issue before the Supreme Court of the United States was whether or not this state procedural ground was an independent ground adequate to bar federal re-

view. *Id.* at 418, 422–23, 111 S.Ct. at 854, 856–57.

Justice Souter, writing for the unanimous Court, noted that it was proper to decline "to apply a state procedural rule ... because the defendant ... could not be 'deemed to have been apprised of its existence.' " *Id.* at 423, 111 S.Ct. at 857 (quoting *NAACP v. Alabama ex rel. Patterson,* 357 U.S. 449, 457, 78 S.Ct. 1163, 1169, 2 L.Ed.2d 1488 (1958)). The rule is that "only a 'firmly established and regularly followed state practice' may be interposed by a State to prevent subsequent review ... of a federal constitutional claim." *Id.* 498 U.S. at 423–24, 111 S.Ct. at 857–58 (citing and quoting *James v. Kentucky,* 466 U.S. 341, 348–51, 104 S.Ct. 1830, 1835–36, 80 L.Ed.2d 346 (1984)). The Court went on to hold that "[t]o apply [a state procedural ruling] retroactively ... would ... apply a rule unannounced at the time of petitioner's trial and consequently inadequate to serve as an independent state ground.... [Such a state] rule, adopted long after petitioner's trial, cannot bar federal judicial review...." *Id.* at 424–25, 111 S.Ct. at 858. (If a "rule was not firmly established at the time in question, there is no need to dwell on the further ... requirement that the state practice have been regularly followed." *Id.* at 425, 111 S.Ct. at 858.)

In important ways, *Ford* is similar to our case. The fact that *Ford* was a direct appeal from a conviction, while Easter seeks post-conviction review, is not important; both types of cases demand the same adequacy analysis. *Coleman,* 501 U.S. at 734–35, 111 S.Ct. at 2556–57; *Harris,* 489 U.S. at 262, 109 S.Ct. at 1043; *Branch,* 37 F.3d at 375 (accepting parties' contention that due process analysis applies to both direct and post-conviction review). Nor, we should add, does it matter that *Ford* involved a state bar to consideration of an individual constitutional claim, while Easter's case involves a state bar to a review process in its entirety. The standard for examining a state bar due to the failure to raise a particular claim is the same standard used in examining a bar based on a failure to appeal at all. *Coleman,* 501 U.S. at 750, 111 S.Ct. at 2565.

*Ford,* when viewed in combination with other cases holding that unexpectable state procedural bars are not adequate to foreclose federal review of constitutional claims, provides the answer to Easter's case. *E.g., Coleman,* 501 U.S. at 753, 111 S.Ct. at 2566 (unavailability of legal claim held to excuse state procedural bar); *McCleskey,* 499 U.S. at 490, 111 S.Ct. at 1468 (focus is on whether petitioner's acts show a legitimate, non-tactical excuse for incurring state bar); *Reed,* 468 U.S. at 14–15, 104 S.Ct. at 2909–10 (excuse exists if procedural bar was not "attributable to an intentional decision" of petitioner); *Harmon,* 959 F.2d at 1463 (if petitioner had no fair opportunity to seek state review, the bar not adequate to foreclose habeas relief); *Prihoda v. McCaughtry,* 910 F.2d 1379, 1383 (7th Cir.1990) (lack of notice due to unexpected application of rule may make bar inadequate); *Leggins v. Lockhart,* 822 F.2d 764, 766–67 (8th Cir.1987) (excuse exists if legal basis of claim was not available), *cert. denied,* 485 U.S. 907, 108 S.Ct. 1080, 99 L.Ed.2d 239 (1988); *Oliver v. Wainwright,* 795 F.2d 1524, 1529 (11th Cir.1986) (habeas petitioner not fairly apprised of the existence of state procedural rule may go forward), *cert. denied sub nom. Oliver v. Dugger,* 480 U.S. 921, 107 S.Ct. 1380, 94 L.Ed.2d 694 (1987); *Wheat v. Thigpen,* 793 F.2d 621, 625 (5th Cir.1986) (procedural rule not an adequate state ground supporting bar unless clearly announced), *cert. denied sub nom. Thigpen v. Wheat,* 480 U.S. 930, 107 S.Ct. 1566, 94 L.Ed.2d 759 (1987).

While Arkansas' post-conviction procedures as embodied by *Fox* are not in themselves constitutionally infirm, the question is whether they are adequate to foreclose Easter's federal habeas corpus petition. We conclude that Arkansas' Rule 37 scheme is not adequate to bar federal review because it was not a firmly established rule when it was applied to Easter.

### b. Cause and prejudice

■ Many of the relevant cases, including some cited above, analyze the propriety of federal review based not on the preliminary adequacy inquiry, but rather on the subsequent cause and prejudice test. There is

considerable overlap between the two inquiries, with some courts in effect applying the cause and prejudice test without first determining the existence of independent and adequate state grounds. Indeed, the adequacy inquiry and the cause inquiry are often couched in similar terms. *Compare Coleman,* 501 U.S. at 752–53, 111 S.Ct. at 2566–67 (cause inquiry), *with Harmon,* 959 F.2d at 1461–62 (adequacy inquiry). The difference may be only semantic, so long as the central due process concerns are properly addressed. "The basic principle is that failure to follow state procedures will warrant withdrawal of a federal remedy only if those procedures provided the habeas petitioner with a fair opportunity to seek relief in state court." *Harmon,* 959 F.2d at 1462.

We note that whether the preliminary adequacy test or the cause and prejudice test is applied, Easter is entitled to a merits hearing of his constitutional claims. It is clear that Easter has demonstrated " 'cause' under the cause and prejudice test [which] must be something *external* to the petitioner, something that cannot be fairly attributed to him...." *Coleman,* 501 U.S. at 753, 111 S.Ct. at 2566. Likewise, Easter has fulfilled the prejudice requisite by showing a reasonable probability that but for the constitutional violations claimed—that he was denied effective counsel and did not understand the elements of the crimes he pled guilty to—he might not have been convicted of the same crimes. *See Dawan v. Lockhart,* 980 F.2d 470, 474 (8th Cir.1992) (citing *Strickland v. Washington,* 466 U.S. 668, 693, 694, 104 S.Ct. 2052, 2068, 80 L.Ed.2d 674 (1984)).

### III

When the Supreme Court of Arkansas opted to retroactively grant Rule 37 relief to convicts like Easter, it was bound to meet Due Process Clause requirements in executing the remedy it had created. Once a remedy, post-conviction or otherwise, is granted by a state, the federal constitution requires that it be reasonably accessible to those affected. Here, there was no way even a diligent, well-trained lawyer, much less an indigent inmate, could have foreseen any

remedy, much less the time-limited, retroactive nature it would take.

In light of *Fox* and Easter's two unsuccessful state court petitions, no state forum is available to hear Easter's claims. *Cf. Ellis v. Lockhart,* 875 F.2d 200 (8th Cir.1989) (no sufficient cause found where plaintiff never filed a Rule 37 claim at all). With state review fully foreclosed, Easter is entitled to federal court consideration of the merits of his petition.

The order dismissing the petition is reversed, and the case is remanded to the district court for further proceedings.