Kyle Duane CHERRY v. STATE of Arkansas

CR 95-885                                     918 S.W.2d 125

Supreme Court of Arkansas
Opinion delivered March 18, 1996

*Larry Dean Kissee*, for appellant.

*Winston Bryant*, Att'y Gen., by: *David R. Raupp*, Asst. Att'y Gen., for appellee.

TOM GLAZE, Justice. Appellant Kyle Cherry files this appeal from a trial court decision, denying his Rule 37 post-conviction petition. The trial court held Cherry's petition was untimely, citing *Fox* v. *State*, 309 Ark. 619, 832 S.W.2d 244 (1992), as controlling.

Procedurally, this case commenced with the state initiating a murder in the first-degree charge against Cherry. On July 14, 1989, Cherry pled guilty, and his conviction and life imprisonment sentence were entered on July 17, 1989. Cherry filed a

timely appeal, and this court affirmed Cherry's conviction on June 11, 1990. *Cherry* v. *State*, 302 Ark. 462, 791 S.W.2d 354 (1990).

On October 9, 1991, or about sixteen months after the *Cherry* decision, Cherry filed a petition for writ of habeas corpus in federal district court, and alleged he had been denied post-conviction relief in state court because the trial court had failed to inform him such relief was available under the provisions of Ark. R. Crim. P. 36.4. Rule 36.4, in effect when Cherry was convicted, mandated that the trial judge *must* address a defendant personally and advise the defendant that, if he or she wished to assert ineffective assistance of counsel, the defendant must do so within thirty days from pronouncement and entry of judgment. (Emphasis added.)

Cherry's assertion in the federal proceeding was undisputed that, when his conviction was entered on July 17, 1989, the state trial court failed to inform Cherry of his post-conviction remedy under Rule 36.4. The magistrate in the federal habeas corpus proceeding dismissed Cherry's petition on the basis that Cherry had not, as yet, exhausted his state remedies in state trial court. Cherry then filed this state proceeding asking for post-conviction relief under either Rule 36.4 or Ark. R. Crim. P. 37 (which replaced Rule 36.4 on January 1, 1991), and arguing constitutional due process was denied him because he had never been notified of his right to post-conviction relief. We agree.

In denying Cherry's request for post-conviction relief below, the trial court relied on this court's per curiam opinion in *Fox*. There, Fox had pled guilty to murder on March 22, 1990, but, like in our present case, the trial court failed pursuant to Rule 36.4 to inform him that he could assert ineffective assistance of counsel, if he did so within thirty days from entry of his judgment of conviction. Seventeen months later, Fox filed a pro se petition for post-conviction relief under new Rule 37, which replaced Rule 36.4, effective January 1, 1991. The trial court chose to consider Fox's petition because Fox had never been informed of his right to post-conviction relief under Rule 36.4. While this court agreed that the trial court correctly decided Fox should have been informed of his rights under Rule 36.4 and had the opportunity to present his claim, this court further held

that Fox (and other defendants like him) still was required to exercise due diligence in filing his petition. The *Fox* court then stated the following:

> It is not an unreasonable restriction on an appellant for post-conviction relief to require that in those instances where a petitioner pleaded guilty while Rule 37 was not in effect and the petitioner was not advised of the provisions of Rule 36.4, petitions under Rule 37 will not be considered timely unless the petition was filed within *ninety days* of the date of the reinstatement of Rule 37. (Emphasis added.)

Since Rule 37's effective date was January 1, 1991, the ninety-day period ended on April 1, 1991. Accordingly, the *Fox* court dismissed Fox's appeal because he had waited until August 28, 1991, or nearly eight months, before filing his post-conviction petition.

In applying the *Fox* decision to the facts here, the trial court held Cherry, too, had filed his petition untimely and was procedurally barred. It concluded that, while the trial court had failed to advise Cherry of his post-conviction remedy under Rule 36.4, Cherry still could have sought such a remedy under Rule 37, effective on January 1, 1991. However, like the defendant in *Fox,* the trial court found Cherry's request for post-conviction relief was too late, when he filed his Rule 37 proceeding on December 15, 1994, or years after the April 1, 1991 deadline.

Cherry argues several reasons why the *Fox* decision should not be used to deny him post-conviction relief. First, he reasserts he was indisputably denied post-conviction relief under Rule 36.4, since the trial court failed to advise him of it at trial. Second, while Rule 37 replaced Rule 36.4 effective January 1, 1991, the actual language in that new rule availed Cherry of no remedy. In this connection, Rule 37 only authorized a defendant the right to file a petition (1) within ninety days of the date of entry of judgment or (2) within sixty days of the appellate court's mandate, if a direct appeal was taken from the judgment. Because Cherry's conviction was entered on July 17, 1989, and his appeal had ended on June 11, 1990, Cherry submits that his time to file a petition had long since expired when Rule 37 went into effect on January 1, 1991. Third, while this court in *Fox*

interpreted Rule 37 to extend post-conviction relief to some defendants who had been improperly denied relief under Rule 36.4, Cherry had no knowledge of that interpretation until 1992. As noted previously, Rule 37 provided for no retroactive application. Thus, until *Fox* was decided on June 15, 1992, Cherry says he was simply unaware that the new rule was available to him.

■ Finally, Cherry cites *Easter* v. *Endell*, 37 F.3d 1343 (8th Cir. 1994), which likewise involved a defendant who had not been informed of his post-conviction rights under Rule 36.4 after he pled guilty to crimes in December of 1989, and later had been denied post-conviction relief under Arkansas's new Rule 37. The Eighth Circuit discussed the *Fox* decision and whether Rule 37, as embodied in that decision, met adequate due process requirements to foreclose a federal habeas corpus petition. The *Easter* court answered no, and relied largely on the following passage set out in *Ford* v. *Georgia*, 498 U.S. 411 (1991):

> [I]t was proper to decline "to apply a state procedural rule . . . because the defendant . . . could not be 'deemed to have been apprised of its existence.'" *Id.* at 423, 111 S.Ct. at 857 (quoting *NAACP* v. *Alabama ex rel. Patterson*, 357 U.S. 449, 457, 78 S.Ct. 1163, 1169, 2 L.Ed.2d 1488 (1958)). The rule is that "only a 'firmly established and regularly followed state practice' may be interposed by a State to prevent subsequent review . . . of a federal constitutional claim." *Id.* 498 U.S. at 423-24, 111 S.Ct. at 857-58 (citing and quoting from *James* v. *Kentucky*, 466 U.S. 341, 348-51, 104 S.Ct. 1830, 1835-36, 80 L.Ed.2d 346 (1984)). The Court went on to hold that "[t]o apply [a state procedural ruling] retroactively . . . would . . . apply a rule unannounced at the time of petitioner's trial and consequently inadequate to serve as an independent state ground . . . . [Such a state] rule, adopted long after petitioner's trial, cannot bar federal judicial review . . . ." *Id.* at 424-25, 111 S.Ct. at 858. (If a "rule was not firmly established at the time in question, there is no need to dwell on the further . . . requirement that the state practice have been regularly followed." *Id.* at 425, 111 S.Ct. at 858.)

Based upon the foregoing, the *Easter* court held that, when our court decided in *Fox* to retroactively grant Rule 37 relief to convicts like Easter, this court was bound to meet Due Process Clause requirements in executing the remedy created. The Eighth Circuit Court then held Easter was entitled to federal court consideration of his petition because Easter could not have known of the state's rule granting him post-conviction relief or foreseen that such a remedy would be granted him retroactively. Again, we believe the *Easter* court's due process analysis is a valid one.

The *Easter* court's analysis fell short of deciding that Arkansas's post-conviction procedures as embodied by *Fox* were constitutionally infirm, and we think the court again was correct. This court promulgated new Rules 36.4 and 37 because post-conviction remedies were being drawn out extensively and unnecessarily before cases could be concluded. *See Whitmore* v. *State*, 299 Ark. 55, 771 S.W.2d 266 (1989). Rule 36.4, and later new Rule 37, shortened the periods in which convicts could request post-conviction relief. In doing so, this court made every effort to afford convicted defendants due process, but at the same time, put a procedure in place that would offer less opportunity to misuse the federal and state systems to develop legal theories that unnecessarily prolonged meritless cases. *Id.* We should mention the federal system has done little, if anything, to offer procedures that would dispose of such meritless matters in a more timely manner. In fact, the federal habeas corpus proceedings remain seemingly endless in their treatment of post-conviction matters. In any event, while a few situations have arisen where Rules 36.4 or 37 were not complied with and due process was therefore not extended, those rules have served, and continue to serve, their purpose.

■ For the reasons set out above, we reverse and remand this cause for a hearing on the merits of Cherry's petition. In doing so, we overrule the *Fox* decision to the extent its application denies procedural due process to defendants who had not been timely advised of their post-conviction remedy under Rule 36.4, when that rule was in effect.[1]

---

[1] Cherry also cites another case, *Robinson* v. *Norris*, 60 F.3d 457 (8th Cir. 1995),

Brown, J., dissents.

Robert L. Brown, Justice, dissenting. Under this court's decision in *Fox* v. *State*, 309 Ark. 619, 832 S.W.2d 244 (1992) (per curiam), Cherry's petition for Rule 37 relief was filed in 1995 and was untimely. It was filed more than six years after his conviction in 1989. It was filed more than three years after our decision in *Fox* v. *State* was handed down. True, a petition for habeas corpus relief was pending, but Cherry's lack of diligence in pursuing any post-conviction remedy in state court is patent and obvious.

The Eighth Circuit Court of Appeals in *Easter* v. *Endell*, 37 F.3d 1343 (8th Cir. 1994), held that the post-conviction procedures evinced in *Fox* were not adequate to bar federal habeas corpus relief. Primarily suspect was the retroactive application of the Rule 37 remedy endorsed in *Fox*. The Court of Appeals concluded that because no state forum was available to hear Easter's claims under *Fox*, federal habeas corpus proceedings would proceed.

The same conclusion should apply to this case. Under state law, Cherry's right to post-conviction relief is foreclosed by *Fox* v. *State* and, beyond that, by Cherry's failure to pursue state remedies even after the *Fox* decision. Under the reasoning of *Easter* v. *Endell*, a foreclosure of state remedies does not bar federal habeas corpus relief under 28 U.S.C. § 2254 (1994). I would affirm the trial court's decision which has the practical effect of allowing the matter to continue on the federal track.

For that reason, I respectfully dissent.

---

for the proposition that, even if Cherry had been advised of his rights under Rule 36.4, he would then have been entitled to appointment of separate counsel. We need not reach that issue here, since he is afforded his post-conviction hearing for other reasons. Nonetheless, we would say that, if *Robinson* stands for the proposition Cherry offers it, that decision would, in our view, be quite suspect.